Tisoped Corp. v Thor 138 N 6th St LLC (2020 NY Slip Op 01287)





Tisoped Corp. v Thor 138 N 6th St LLC


2020 NY Slip Op 01287


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


655731/16 11109 11108 11107

[*1] Tisoped Corp., Plaintiff-Appellant,
v
Thor 138 N 6th St LLC, Defendant-Respondent.


Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for appellant.
M A T A L O N PLLC, New York (Joseph Lee Matalon of counsel), for respondent.



Order and judgment (one paper) and "Final Judgment," Supreme Court, New York County (Melissa Crane, J.), entered April 4, 2018, which denied plaintiff's motion for summary judgment, granted defendant's motion for summary judgment, and adjudged, decreed and declared that plaintiff was not entitled to the remaining deposit balance, that defendant was entitled to the remaining deposit balance, and dismissed plaintiff's action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 19, 2018, which is identical to the initial judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment(s).
The motion court properly determined that under the parties' assignment of the contract of sale, plaintiff was entitled to the release of the balance of the consideration upon the closing of the underlying contract, or upon defendant's breach of the underlying contract, and here, neither occurred. Contrary to plaintiff's contention, there was no manifest intention to make the underlying contract "time of the essence" (ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 489 [2006]). Nor did the underlying contract (as opposed to the assignment) require defendant to seek plaintiff's permission to adjourn the closing while the seller attempted to resolve the litigation with his commercial tenant. Thus, plaintiff was not entitled to summary judgment.
Plaintiff's contentions under the so-called prevention doctrine and its mirror image, the covenant of good faith and fair dealing, are likewise unavailing. "[T]he prevention doctrine, a variant of the implied covenant of good faith and fair dealing, is only applicable when it is consistent with the intent of the parties to the agreement" (Thor Props., LLC v Chetrit Group LLC, 91 AD3d 476, 477 [1st Dept 2012]). Here, there was no evidence in the record that defendant's failure to close was attributable to anything other than the seller's inability to obtain the required estoppel certificate from its tenant while in litigation. The motion court properly determined that the parties specifically contemplated an inability to close "for any other reason" than defendant's default by providing an exclusive remedy under section 8.2 of the assignment agreement. Therefore, defendant acted within the terms of the agreements and was entitled to summary judgment in its favor and release of the remaining deposit balance to it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK