Thor 138 N. 6th St. LLC v Goldberg Weprin Finkel Goldstein LLP (2026 NY Slip Op 01022)

Thor 138 N. 6th St. LLC v Goldberg Weprin Finkel Goldstein LLP

2026 NY Slip Op 01022

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 652448/18|Appeal No. 5913|Case No. 2025-01750|

[*1]Thor 138 N. 6th St. LLC, Plaintiff-Appellant,
vGoldberg Weprin Finkel Goldstein LLP, Defendant-Respondent.

Matalon Esquires PC, New York (Joseph Lee Matalon of counsel), for appellant.
Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for respondent pro se.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 10, 2021, which denied plaintiff's motion under CPLR 3212 for summary judgment and dismissed the action, unanimously affirmed, with costs.
Plaintiff failed to establish that defendant-escrow agent violated the escrow provisions of the assignment agreement so as to warrant an award of summary judgment in plaintiff's favor or to entitle plaintiff to prejudgment interest under CPLR 5001. Defendant was the escrow agent for the deposit under an assignment agreement between plaintiff and nonparty Tisoped Corp., which was the subject of the underlying dispute previously resolved by this Court (see Tisoped Corp. v Thor 138 N 6th St LLC, 180 AD3d 587 [1st Dept 2020], lv denied 37 NY3d 914 [2021]). On appeal of the March 14, 2018 order, this Court affirmed summary judgment in plaintiff's favor (see id.). Defendant was entitled to await the resolution of the appeal in the underlying action before releasing the balance of the escrow funds to plaintiff.
Under section 14(c) of the assignment agreement, when presented with a demand for the release of the escrow balance by either side, defendant was required to notify the other side and give it the opportunity to object to the release of the deposit within 10 days. Under section 14(d)(ii), upon the entry of "a final order or judgment," defendant "may" release the deposit, but that section also expressly provides, "the Escrow Agent shall not be or become liable in any way or to any person for his refusal to comply with any such claims or demands" for the release of the deposit to either party, absent gross negligence or willful default. The permissive "may" in section 14(d)(ii) renders meritless plaintiff's assertion that defendant lacked discretion to refuse to release the balance of the escrow funds (see e.g. Western & S. Life Ins. Co. v U.S. Bank N.A., 209 AD3d 6, 13 [1st Dept 2022]).
Plaintiff did not establish any gross negligence or willful default on the part of defendant to overcome section 14's limitations on the liability of defendant as escrow agent. Gross negligence in the context of a limitation on liability requires a showing of "a reckless indifference to the rights of others" (Sommer v Federal Signal Corp., 79 NY2d 540, 554 [1992]). A "willful default" requires a showing that the party intended to commit a breach of a legal obligation (see e.g. Pearce, Urstadt, Mayer & Greer Realty Corp. v Atrium Dev. Assoc., 77 NY2d 490, 495 [1991]). Since defendant's conduct in refusing to release the deposit over Tisoped's objection did not violate sections 14(c) and (d) of the agreement, plaintiff cannot establish the degree of culpable conduct on defendant's part that would render it liable for its refusal to release the deposit while Tisoped's appeal was pending.
It is undisputed that after this Court's February 25, 2020 affirmance of summary judgment in plaintiff's favor in the underlying action (Tisoped Corp., 180 AD3d at 587), defendant promptly released the escrow balance to plaintiff on March 25, 2020, following plaintiff's March 6, 202o demand. The record shows that defendant's conduct did not contravene section 14 of the assignment agreement and that defendant was not in breach of any provision in the assignment agreement which pertained to the escrow agent. Prejudgment interest under CPLR 5001 did not accrue and Supreme Court properly denied plaintiff's motion and dismissed the action.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026